1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHAN C. BROWN, SR.,

                                    Petitioner,

        v.

MERCED SUPERIOR COURT,

                                    Respondent.

Case No. 1:16-cv-01681 MJS (HC)

**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST STATE REMEDIES**

**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER**

        Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a September 22, 2010 conviction from the Merced County Superior Court. (Pet., ECF No. 1.) In his petition, Petitioner states that he did not seek review of the claims presented in the petition from any state court, including the California Supreme Court.

I.      **Background**

        Petitioner is currently in the custody of the California Department of Corrections. On November 7, 2016, Petitioner filed the instant petition for writ of habeas corpus in this Court challenging his conviction from the Merced County Superior Court. (Pet., ECF No.

1

1.)

Petitioner did not state whether he sought review of claims in the instant petition to any California courts, including the California Supreme Court. On November 9, 2016, this Court ordered Petitioner to show cause within thirty days why his petition should not be dismissed for failure to exhaust state remedies. Petitioner was forewarned that the failure to comply with the order would result in dismissal of the petition. (Order, ECF No. 4.) Over thirty days have passed, and Petitioner has not filed a response. Moreover, on November 22 and 29, 2016 mail to Petitioner was labeled as undeliverable as Petitioner was no longer in custody.

## II.    Discussion

### A.    Procedural Grounds to Dismiss Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  Based on the Rules Governing Section 2254 Cases, the Court will determine whether Petitioner is entitled to relief pursuant to its authority under Rule 4.

### B.    Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the

federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

As stated above, Petitioner was informed by the Court that the claims of his federal petition were unexhausted, and he was ordered to show cause why the petition should not be dismissed. Petitioner did not respond to the order. As Petitioner has not presented evidence that he has exhausted the claims in the instant petition with the

1    California Supreme Court, the petition must be dismissed.

2    **III.**    **Recommendation**

3        Accordingly, it is RECOMMENDED that the petition be DISMISSED without

4    prejudice for failure to exhaust state court remedies. Further, the Court ORDERS the

5    Clerk of Court to assign a District Court Judge to the present matter.

6        These findings and recommendations are submitted to the United States District

7    Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636

8    (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

9    Eastern District of California. Within thirty (30) days after being served with a copy, any

10    party may file written objections with the Court and serve a copy on all parties. Such a

11    document should be captioned "Objections to Magistrate Judge's Findings and

12    Recommendations." Replies to the objections shall be served and filed within fourteen

13    (14) days (plus three (3) days if served by mail) after service of the objections. The Court

14    will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The

15    parties are advised that failure to file objections within the specified time may waive the

16    right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th

17    Cir. 2014).

18

19    IT IS SO ORDERED.

20      Dated:   __December 23, 2016__      _/s/ Michael J. Seng_

21                                        UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

4